13-0067-cr
United States v. 2-12-cr-0317- juvenile male

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand thirteen.

PRESENT: GERARD E. LYNCH,
     SUSAN L. CARNEY,
     CHRISTOPHER F. DRONEY,
         *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee*,

    v.            No. 13-0067-cr

2:12-cr-0317-juvenile-male,

      *Defendant - Appellant*,

_____

FOR APPELLANT:  JOHN S. WALLENSTEIN, Law Offices of John S. Wallenstein, Garden City, New York.

FOR APPELLEE:  JO ANN M. NAVICKAS, Assistant United States Attorney (Carrie N. Capwell, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, New York, New York.

Appeal from the United States District Court for the Eastern District of New York

(Joseph F. Bianco, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-appellant juvenile male ( "J.M.") stands accused, *inter alia*, of conspiracy to commit murder in aid of racketeering, 18 U.S.C. § 1959(a)(5), and murder in aid of racketeering, 18 U.S.C. § 1959(a)(1). At the time he allegedly committed these crimes, J.M. was seventeen. He appeals from a December 3, 2012 order granting the government's motion to transfer his case from a juvenile status to the regular criminal docket where he would be prosecuted as an adult. We assume the parties' familiarity with the facts and procedural history of this case, which we summarize only so far as is necessary to understand our rulings.

Under 18 U.S.C. § 5032, the district court must weigh six factors when assessing whether transfer of a qualified juvenile to adult status is "in the interest of justice." The court must consider (1) the age and social background of the juvenile; (2) the nature of the alleged offense; (3) the extent and nature of the juvenile's prior delinquency record; (4) the juvenile's present intellectual development and psychological maturity; (5) the nature of past treatment efforts and the juvenile's response to such efforts; (6) the availability of programs designed to treat the juvenile's behavioral problems.

The district court may weigh these factors "in any way that seems appropriate to it." United States v. Nelson, 68 F.3d 583, 588 (2d Cir. 1995). A district court is permitted to weigh the seriousness of an offense more heavily than the other criteria. See United States v. Ramirez, 297 F.3d 185, 193 (2d Cir. 2002) (citing Nelson, 68 F.3d at 590). Because the

2

district court's decision "is a discretionary one," it "will not be disturbed except upon our finding of an abuse of discretion." Nelson, 68 F.3d at 588.

Here, we find no such abuse. While the district court emphasized, and gave the greatest weight to, the fact that J.M. is charged with a "serious and extremely violent" offense, the court carefully reviewed the evidence in support of each of the section 5032 factors. United States v. Juvenile Male, No. 12-cr-317, 2012 WL 6043271 at *5 (E.D.N.Y. Dec. 3, 2012). The court found that most militated in favor of transfer: J.M. was almost an adult at the time he allegedly committed his crime; he was a few months shy of his eighteenth birthday, and was working and living on his own. He had a substantial criminal record at the time of his arrest. He had spent time in a juvenile facility at the age of 14, but returned to committing offenses after his release and appeared impervious to rehabilitation efforts. On the other hand, according to expert testimony, J.M.'s intelligence was below-average – at twenty, he read at the same level as most fifth graders – and suffered from severe anxiety and other symptoms of Post-Traumatic Stress Disorder. Given that the majority of factors weighed in favor of transfer, the district court reasonably concluded that J.M. should be tried as an adult.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court